UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| YAUSEL LEON-CANAMERO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-79 |
| | § | |
| MIGUEL VERGARA[1] *et al.* | § | |

**ORDER**

Before the Court is Petitioner's Emergency Motion to Alter or Amend Judgment (Dkt. No. 13).[2] On July 5, 2026, the Court granted in part Petitioner's writ of habeas corpus and entered final judgment (Dkt. Nos. 11, 12). According to the Fifth Circuit's decision in *Rodriguez v. Ortega*, -- F.4th --, 2026 WL 1906557 (5th Cir. July 2, 2026), the Court ordered Respondents to provide Petitioner with a bond hearing within three days if he had already been detained for ninety or more days (Dkt. No. 12 at 1). Petitioner argues the Court's judgment is manifestly wrong, as *Rodriguez* dictates for his immediate release rather than a bond hearing (Dkt. No. 13 at 3). Upon review, the Court **GRANTS IN PART** Petitioner's Emergency Motion to Alter or Amend Judgment (Dkt. No. 13) and **AMENDS IN PART ITS JUDGMENT**.

Federal Rule of Civil Procedure 59(e) "motions serve a limited role. Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary measure,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem and David Venturella is substituted for Respondent Todd Lyons under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

[2] Ordinarily, Respondents would have twenty-one days to oppose Petitioner's request. L.R. 7.3; J. Garcia Marmolejo Civ. Ct. P. 6(4). Given the time-sensitive nature of Petitioner's motion, the Court exercises its discretion to consider the motion on an expedited basis. J. Garcia Marmolejo Civ. Ct. P. 6(4).

1

which courts should use sparingly." *Marshall v. Guerrero*, No. 4:14-CV-03438, 2025 WL 2963033, at *1 (S.D. Tex. Oct. 20, 2025) (citation omitted). Generally, the Fifth Circuit disfavors granting Rule 59(e) motions. *S. Constructors Grp. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion should only be granted to "correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Here, Petitioner has been detained for 336 days (Dkt. No. 13 at 1). The Fifth Circuit issued *Rodriguez* last Thursday, requiring a bond hearing within ninety days of immigration detention. 2026 WL 1906557, at *16. Acting to resolve Petitioner's claims expeditiously, the Court promptly entered judgment and ordered Respondents to comply with *Rodriguez*. However, interpretations of *Rodriguez* are rapidly evolving. On the one hand, language in *Rodriguez* could be said to warrant Petitioner's immediate release. 2026 WL 1906557, at *17; *see also Diaz-Rogel v. Blanche*, No. 1:26-CV-1777-RP, 2026 WL 1952769, at *1 (W.D. Tex. July 6, 2026). But all things considered, when his ninety days came and went, Respondents were not required to grant Petitioner a bond hearing. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 507–08 (5th Cir. 2026).

The Court is satisfied that it should amend its judgment in part. If Respondents do not adhere to the Court's prior order to provide a bond hearing within **three days**, they must immediately release Petitioner (*see* Dkt. No. 12 at 1). At Petitioner's bond hearing, "the Government must articulate an individualized justification for further detention without bond." *Rodriguez*, 2026 WL 1906557, at *16.

It is so **ORDERED**.

**SIGNED** July 7, 2026.

_____
Marina Garcia Marmolejo
United States District Judge